UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CIG ASSET MANAGEMENT,

        Plaintiff,

                                       Case No. 13-cv-13213
vs.                                   HON. GERSHWIN A. DRAIN

HERBERT BIRCOLL, *et al.,*

        Defendants.

_____/

## ORDER GRANTING MOTION FOR PRELIMINARY INJUNCTIVE RELIEF [#3]

## I. INTRODUCTION

Presently before the Court is Plaintiff, CIG Asset Management, Inc.'s, Motion for Temporary Restraining Order and Preliminary Injunctive Relief, filed on July 26, 2013. Plaintiff seeks an order preliminarily enjoining Defendants Herbert L. Bircoll, as the Owner/Beneficiary of the Herbert L. Bircoll IRA, and Herbert and Patricia Bircoll, as Trustees of the Patricia Bircoll Living Trust, from pursuing claims related to their investments in CIG CAM, LP and CIG PenaStrategy Fund, LP against Plaintiff before the Financial Industry Regulatory Authority ("FINRA"). Defendants filed a Response in Opposition on August 7, 2013, and Plaintiff filed a Reply on August 9, 2013. A hearing was held on August 12, 2013 and for the reasons that follow, the Court GRANTS Plaintiff's Motion for Preliminary Injunctive Relief.

## II. FACTUAL BACKGROUND

Plaintiff is a registered investment advisory firm registered with, and governed by, the Securities and Exchange Commission. The Bircolls began their affiliation with the Plaintiff in 2005. On December 1, 2005, the Bircolls executed a Client Agreement with Plaintiff. Pursuant to the Agreement, Plaintiff agreed to provide investment advisory services for a flat fee based upon the amount of the Bircolls' assets under Plaintiff's management. The Agreement does not contain an arbitration provision whereby Plaintiff agreed to submit any disputes to FINRA arbitration.

In the FINRA arbitration, captioned *Herbert L. Bircoll IRA, et al. v. CIG Asset Management, Inc. et al.*, No. 12-00917, the Bircolls seek to recover losses suffered in three investments during the market decline in 2008 and 2009. One of the investments, ATEL XII, LLC, is subject to FINRA jurisdiction because it was sold through a FINRA broker-dealer. However, the other two investments, CIG CAM, LP and CIG PlenaStrategy Fund, LP, were private placements recommended to the Bircolls by Plaintiff and sold directly by the funds themselves by way of a private offering, without the involvement of a FINRA member broker-dealer. Accordingly, these latter two investments and claims associated with them are not subject to FINRA's mandatory arbitration and Plaintiff did not otherwise agree to arbitrate any claims related to these investments.

Thus, the Bircolls are not permitted to arbitrate claims related to the CIG CAM, LP or CIG PlenaStrategy Fund, LP. In order to avoid the harm that will result if Plaintiff is required to prepare for and participate in the FINRA hearing set for September 10, 2013, Plaintiff brought the instant action to enjoin the FINRA arbitration.

### III.  LAW & ANALYSIS

Whether a preliminary injunction should issue lies within the sound discretion of the district court. *Golden v Kelsey-Hayes Co.*, 73 F.3d 648, 653 (6th Cir. 1996). To determine whether to grant

the Plaintiff's Motion for Preliminary Injunction, the Court must consider four factors: (1) the Plaintiff's likelihood of success on the merits, (2) whether Plaintiff will suffer irreparable harm without the injunction, (3) whether granting the injunction will cause substantial harm to others, and (4) the impact of the injunction on the public interest. *Id.* at 653. The Court must balance all four factors and "[n]one of these factors, standing alone, is a prerequisite to relief . . . ." *Id.*

## A. Plaintiff's Likelihood of Success on the Merits

The degree to which a plaintiff must establish a likelihood of success on the merits often depends upon the strength of the other three factors. *See In re DeLorean Motor Co.*, 755 F.2d 1223, 1227-1228 (6th Cir. 1985). Here, the Court finds that Plaintiff has a strong likelihood of success on the merits. Plaintiff never agreed to arbitrate through FINRA, nor is Plaintiff a member of FINRA. Thus, Plaintiff is not subject to FINRA jurisdiction.

The United States Supreme Court has cautioned that "arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." *United Steelworkers of Am. v. Warrior & Gulf Nav. Co.*, 363 U.S. 574, 582 (1960). Federal court routinely enjoin FINRA arbitrations (or deny motions to compel FINRA arbitrations) rather than require a party to submit to an arbitration to which that party did not agree. *See Applied Energetics, Inc. v. NewOak Capital Mkts.*, LLC, 645 F.3d 522 (2d Cir. 2011); *Royal Alliance Assoc., Inc. v. Branch Ave. Plaza, L.P.*, 587 F. Supp. 2d 729, 733 (E.D. Va. 2008); *Interactive Brokers, LLC v. Duran,* No. 08-cv-6813, 2009 WL 393827, *5 (N.D. Ill. Feb. 17, 2009); *Herbert J. Sims & Co. v. Roven*, 548 F. Supp. 2d 759, 766-67 (N.D. Cal. 2008).

The Bircolls argue that this Court lacks jurisdiction to enjoin specific claims in the FINRA arbitration. This argument ignores relevant case law, whereby courts have enjoined arbitration of specific claims. *See Dean Ritter Reynolds, Inc. v. Pollack*, No. 96-6397, 1996 WL 1044969 (S.D.

-3-

Fla. May 29, 1996) (enjoining defendants from proceeding with specific claims in arbitration that were ineligible for arbitration). Further, the Bircolls do not dispute that Plaintiff has not agreed to arbitrate any claims with the Bircolls, nor do they dispute that Plaintiff has not consented to arbitrate through the FINRA rules.

Therefore, because Plaintiff is not subject to FINRA jurisdiction and did not otherwise agree to arbitrate disputes with the Bircolls, Plaintiff is likely to succeed on the merits of its claims related to the Bircolls' investments in CIG CAM LP and CIG PlenaStrategy Fund, LP.

### B. Whether Plaintiff Will Suffer Irreparable Harm

A party's harm is "irreparable" when it cannot be adequately compensated by money damages. *See Merrill Lynch, Pierce, Fenner & Smith, Inc. v. E.F. Hutton & Co.*, 403 F.Supp. 336, 343 (E.D. Mich. 1975). Courts have found that the harm suffered by a party who is forced to arbitrate claims that it did not agree to arbitrate is per se irreparable. *See Merrill Lynch Inv. Managers v. Optibase, Ltd.*, 337 F.3d 125, 129 (2d Cir. 2003); *see also Md. Cas. Co. v. Realty Advisory Bd. On Labor Rels.*, 107 F.3d 979, 984-85 (2d Cir. 1997) (finding that time and resources spent in arbitration are not compensable by monetary award under the Arbitration Act); *see also Morgan Keegan & Co., Inc. v. Louise Silverman Trust*, No. 11-2533, 2012 WL113400, *5 (D. Md. Jan. 12, 2012) ("Courts have held the harm suffered by an individual who is forced to arbitrate claims it did not agree to arbitrate is per se irreparable because it forces an individual to expend resources it cannot late recover."). The Bircolls have not demonstrated that Plaintiff's harm can be adequately compensated by money damages.

Here, the Court concludes that because Plaintiff did not agree to arbitrate any disputes with the Bircolls, Plaintiff will be irreparably harmed by having to participate in, and expend significant time and resources in the FINRA proceedings. This factor also weighs in favor of Plaintiff.

## C. Whether Granting the Injunction Will Cause Substantial Harm to Others

In considering this factor the Court must look at who will be harmed if an injunction is granted, and to what extent. Here, the balance of hardships tips in favor of enjoining the FINRA arbitration claims against Plaintiff. The harm to Plaintiff is severe and irreparable, while the only harm facing the Bircolls is a delay in the FINRA arbitration while this Court determines whether Plaintiff can be compelled to arbitrate. *See Morgan Keegan & Co.*, 2012 WL 113400, at *6 ("If Morgan Keegan's motion for preliminary injunction is granted, the only harm defendants would suffer is a delay in their pending FINRA Arbitration.") Thus, this factor likewise weighs in favor of Plaintiff.

## D. The Impact of the Injunction on the Public Interest

The Court finds that the public interest also favors enjoining the FINRA arbitration against Plaintiff, notwithstanding the Court's statements on the record after the parties' arguments. "[F]orcing parties to arbitrate when they did not agree to arbitrate disincentivizes arbitration and lowers the public's confidence in arbitration as an avenue for dispute resolution." *Morgan Keegan & Co.*, 2012 WL 113400, at *6. The Bircolls' argument that the public interest is adverse to enjoining ongoing arbitration proceedings is misplaced. Here, it is irrelevant whether the public favors enforcing arbitration agreements since Plaintiff never agreed to arbitrate any disputes with the Bircolls. Further, the Bircolls do not appear to dispute that there is no public interest in compelling parties to arbitrate claims they have not agreed to arbitrate. Accordingly, the public interest weighs in favor of enjoining the FINRA arbitration.

## IV. CONCLUSION

Accordingly, for the reasons stated above, Plaintiff's Motion for Preliminary Injunctive Relief [#3] is GRANTED. The Bircolls are HEREBY RESTRAINED AND PRELIMINARILY

ENJOINED from pursuing their claims against Plaintiff in the FINRA arbitration.

     SO ORDERED.

Dated: <u>August 13, 2013</u>                <u>/s/Gershwin A Drain       </u>
                                                    GERSHWIN A. DRAIN
                                                    United States District Judge