UNITED STATES DISTRICT COURT
EASTERN DISTRICT COURT MICHIGAN
SOUTHERN DIVISION


CIG ASSET MANAGEMENT, INC.,

     Plaintiffs,

v.

HERBERT BIRCOLL, *et al.*,

                            Case No. 13-cv-13213
     Defendants.                Hon. Gershwin A. Drain



_____/


**ORDER DISMISSING THE COURT'S ORDER TO SHOW CAUSE [#32], SETTING A
BRIEFING SCHEDULE FOR THE PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT, AND RESCHEDULING ORAL ARGUMENT ON THE PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT**

### I.   Introduction

Plaintiff CIG Asset Management, Inc. ("CIG") filed a complaint with this Court on July 26, 2013 seeking injunctive relief against Defendants Herbert and Patricia Bircoll (the "Bircolls"). The case arises out of a dispute over financial products the Bircolls purchased from CIG. The Bircolls purchased three products from CIG. CIG is an asset management company that sells investment products that are subject to the jurisdiction of the Financial Industry Regulatory Authority ("FINRA") and other products that are regulated by federal securities laws. Disputes over FINRA regulated products are subject to mandatory arbitration. CIG argues that only one of the three products it sold to the Bircolls is subject to the mandatory FINRA arbitration. CIG seeks a declaration from this Court that FINRA lacks jurisdiction over the non-

FINRA regulated products and a permanent injunction barring the Bircolls from arbitrating the non-FINRA regulated products.

Presently before the Court is the Bircolls' Response to the Court's Order to Show Cause as to Why the Court Should Not Grant CIG's Motion for Summary Judgment and Permanent Injunctive Relief [#32]. The Court heard oral argument in support of the Bircolls' Response to the Order on July 11, 2014. For the following reasons, the Court will DISMISS its Order to Show Cause [#32]

## II.   Factual Background

On May 13, 2014, CIG filed a Motion for Summary Judgment and Permanent Injunctive Relief [#29]. The Court scheduled a hearing for the Motion on July 16, 2014. The Court issued an Order to Show Cause on June 19, 2014. The Bircolls responded to the show cause the following day. The Bircolls' responded to CIG's Motion on July 10, 2014.

## III.   Law and Analysis
### A.  Standard of Review

When a party files a dispositive motion with this Court, the nonmoving party has twenty-one (21) days to respond. *See* Local Rule 7.1(e)(1)(B). After the twenty-first day, the responding party has an additional three (3) days to respond. *See* Fed. R. Civ. P. 6(d). According to this time frame, the Bircolls should have responded to CIG's Motion no later than June 9, 2014 before midnight. *Id*. at (a)(4)(A). The Court issued its order ten days after this date.

### B.  Defendants' Response to the Order to Show Cause

In their Response to the Order to Show Cause, the Bircolls argue they can establish excusable neglect, and the Court should not grant CIG's Motion. The Bircolls' counsel claims the Response is not timely because counsel inadvertently applied the Michigan Court Rules to

CIG's Motion for Summary Judgment and Permanent Injunctive Relief briefing schedule. The applicable Michigan Court Rule the Bircolls cite, 2.116(G)(1)(a)(ii), states the response to a motion for summary disposition is due at least seven days before the hearing. As of July 9, 2014, the Bircolls' counsel had not filed a Response to the CIG Motion. July 9, 2014 was the date the Bircolls' counsel thought he had to submit the response, but failed to do by that date. Pursuant to the Local Rule and the Federal Rule's three day extension, the Response was due June 9, 2014. The Court waited ten days before it issued its Order to Show Cause. The Bircolls' submitted a Response on July 10, 2014, thirty days late.

The courts have the authority to manage their dockets. *See United States v. Van Dyke*, 605 F.2d 220, 227 (6th Cir. 1979). CIG has submitted a well-supported Motion for Summary Judgment, and the Bircolls' failure to respond would have been enough to grant CIG's Motion. *See Alexander v. CareSource*, 576 F.3d 551, 558 (6th Cir. 2009). However, Bircolls responded to the Motion on July 10, 2014, which is thirty days late. The Bircolls deserve their day in court and should not be punished for their attorney's conduct. The Court will reschedule the hearing on the Motion. The Court will DISMISS its Order to Show Cause. Pursuant to the Local Rule 7.1(e)(1)(C) and Federal Rule of Civil Procedure 6(d), CIG shall file its Reply to the Bircolls' Response no later than July 28, 2014. The Court will hear oral arguments on the Motion on August 13, 2014 at 10:00 a.m.

### IV.    Conclusion

For the foregoing reasons, the Court DISMISSES its Order to Show Cause [#32].


Dated:  July 11, 2014                                  s/Gershwin A. Drain
Detroit, Michigan                                      GERSHWIN A. DRAIN
                                                       United States District Judge