UNITED STATES DISTRICT COURT
EASTERN DISTRICT COURT MICHIGAN
SOUTHERN DIVISION

CIG ASSET MANAGEMENT, INC.,

    Plaintiffs,

v.

HERBERT BIRCOLL, *et al*.,

    Defendants.

Case No. 13-cv-13213
Hon. Gershwin A. Drain

_____/

## ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND PERMANENT INJUNCTIVE RELIEF [#29]

### I.   Introduction

Plaintiff CIG Asset Management, Inc. ("CIG") filed a complaint with this Court on July 26, 2013 seeking injunctive relief against Defendants Herbert and Patricia Bircoll (the "Bircolls"). The case arises out of a dispute over financial products the Bircolls purchased from CIG. The Bircolls purchased three products from CIG. CIG is an asset management company that sells investment products that are subject to the jurisdiction of the Financial Industry Regulatory Authority ("FINRA") and other products that are regulated by federal securities laws. Disputes over FINRA regulated products are subject to mandatory arbitration. CIG argues that only one of the three products it sold to the Bircolls is subject to the mandatory FINRA arbitration. The CIG Corporation is CIG's parent company. The CIG Corporation also owns a broker-dealer, CIG Securities. CIG Securities is under the jurisdiction of FINRA. CIG is under

the jurisdiction of the Securities and Exchange Commission ("SEC"). Osman Minkara ("Minkara") is a CIG Corporation employee who conducts business with CIG and CIG Securities. His business activities with CIG are under the jurisdiction of the SEC, and his actions with CIG Securities are under the jurisdiction of FINRA.

CIG seeks a declaration from this Court that FINRA lacks jurisdiction over the non-FINRA regulated products, and a permanent injunction barring the Bircolls from arbitrating the non-FINRA regulated products. Presently before the Court is Plaintiff's Motion for Summary Judgment and Permanent Injunctive Relief. Oral argument will not assist the Court in resolving the issues in the case. Therefore, the Court will forgo oral argument on the motion pursuant to Local Rule 7.1(f). For the reasons that follow, the Court will GRANT CIG's Motion.

## II. Factual Background

The Bircolls and Minkara have had a business relationship since 2005. CIG, through Minkara, offered the Bircolls advice regarding securities for a fee. Their relationship is governed by a client agreement (the "Agreement"). The Agreement does not contain an arbitration provision in which CIG or Minkara agreed to submit any disputes to FINRA arbitration.

In the FINRA arbitration, captioned *Herbert L. Bircoll IRA, et al. v. CIG Asset Management, Inc. et al.*, No. 12-00917, the Bircolls seek to recover losses suffered in three investments during the market decline in 2008 and 2009. One of the investments, ATEL XII, LLC, is subject to FINRA jurisdiction because it was sold through a FINRA broker-dealer, CIG Securities. However, the other two investments, CIG CAM, LP and CIG PlenaStrategy Fund, LP, were private placements recommended to the Bircolls by CIG and sold directly by the funds themselves by way of a private offering, without the involvement of a FINRA member broker-dealer. Accordingly, these latter two investments and claims associated with them are not

subject to FINRA's mandatory arbitration and Plaintiff did not otherwise agree to arbitrate any claims related to these investments. In order to avoid the harm that would result from preparing for and participating in the FINRA hearing set for September 10, 2013, Plaintiff sought to enjoin the FINRA arbitration. See Dkt. # 3. On August 13, 2013, the Court granted Plaintiff's Motion for Preliminary Injunctive Relief. *See* Dkt. #14.

After the close of discovery, CIG filed its Motion for Summary Judgment on May 13, 2014. When the Bircolls failed to respond to the Motion on time, the Court issued an Order to Show Cause as to why it should not grant the CIG's Motion. *See* Dkt. #31. The Court held a hearing on the order to Show Cause at which the Bircoll's counsel explained his reasoning for the untimely filing, and the Court allowed a late filing of the Bircoll's Response to CIG's Motion. *See* Dkt. #35.

### III. Law and Analysis

**A. Standard of Review**

**i. Summary Judgment**

Rule 56 of the Federal of Rules Civil Procedure empowers the court to render summary judgment forthwith "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." See *Redding v. St. Eward*, 241 F.3d 530, 532 (6th Cir. 2001). The Supreme Court has affirmed the court's use of summary judgment as an integral part of the fair and efficient administration of justice. The procedure is not a disfavored procedural shortcut. *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986); see also *Cox v. Kentucky Dept. of Transp.*, 53 F.3d 146, 149 (6th Cir. 1995).

The standard for determining whether summary judgment is appropriate is "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Amway Distributors Benefits Ass'n v. Northfield Ins. Co.*, 323 F.3d 386, 390 (6th Cir. 2003) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). The evidence and all reasonable inferences must be construed in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Redding*, 241 F.3d at 532 (6th Cir. 2001). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson*, 477 U.S. at 247-48; see also *Nat'l Satellite Sports, Inc. v. Eliadis*, Inc., 253 F.3d 900, 907 (6th Cir. 2001).

If the movant establishes by use of the material specified in Rule 56(c) that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law, the opposing party must come forward with "specific facts showing that there is a genuine issue for trial." *First Nat'l Bank v. Cities Serv. Co.*, 391 U.S. 253, 270 (1968); see also *McLean v. 988011 Ontario, Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000). Mere allegations or denials in the non-movant's pleadings will not meet this burden, nor will a mere scintilla of evidence supporting the non-moving party. *Anderson*, 477 U.S. at 248, 252. Rather, there must be evidence on which a jury could reasonably find for the non-movant. *McLean*, 224 F.3d at 800 (citing *Anderson*, 477 U.S. at 252).

### ii. Permanent Injunctive Relief

The standard for a permanent injunction is nearly identical to the standard for a preliminary injunction. *A.C.L.U. v. Rutherford County*, 2006 WL 2645198, at * 4 (M.D. Tenn.

4

Sept. 16, 2006) (citing *Amoco Prod. Co. v. Village of Gambell*, 480 U.S. 531, 546 n. 12, 107 S.Ct. 1396, 94 L.Ed.2d 542 (1987)). The party seeking a permanent injunction, however, must demonstrate actual success on the merits rather than a likelihood of success. *Id*. In order to obtain a permanent injunction, the movant must establish: 1) he will succeed on the merits; 2) irreparable harm is likely to occur if the absence of the injunction; 3) that the injunction is in the public interest; and 4) the balance of hardship favors the moving party. *Id*.

### I. Plaintiff's Motion

CIG seeks a declaration from this Court that it does not have to arbitrate any claims arising out of the CIG CAM, LP and PlenaStrategy Fund, LP. Whether a party has consented to arbitration is an issue that warrants a judicial determination. *Howsam v. Dean Witter Reynolds, Inc*., 537 U.S. 79, 83 (2002). It is proper for a court to make a determination whether arbitration is appropriate, and whether to compel or enjoin arbitration. *Id*. Arbitration is a matter of contract, and in the absence of an agreement to arbitrate, the court cannot force a party to arbitrate claims absent a contractual agreement to do so. *United Steel Workers of Am. v. Warrior & Gulf Navigation Co*., 363 574, 582 (1960).

In this Court's Order Granting Preliminary Injunctive Relief, Dkt. #14, the Court concluded CIG did not agree to arbitrate any claims with the Bircolls, and did not consent to FINRA's jurisdiction. Moreover, FINRA rule 12200, which would compel arbitration of claim involving a FINRA member or associated person, does not apply because CIG is not a FINRA member. CIG is a registered investment adviser, and Minkara is a investment adviser representative. In the time between this Court's Order Granting Preliminary Injunctive Relief and the instant Motion, the Bircolls have not conducted any discovery and no material facts in

this dispute have changed. CIG has not agreed to arbitrate any claims arising out of the CIG CAM, LP and PlenaStrategy Fund, LP investments. Thus, CIG is entitled to a declaration that the Bircolls cannot pursue any claims relating to these investments against CIG in FINRA arbitration.

For the reasons in the forgoing paragraph, CIG has shown it will succeed on the merits of its claim. The other factors of injunctive relief still weigh in CIG's favor. CIG will suffer irreparable harm in the absence of an injunction because it has not submitted to arbitration. *See Merrill Lynch Inv. Managers v. Optibase, Ltd.*, 337 F.3d 125, 129 (2nd Cir. 2003). Arbitrating this claim would require CIG to expend resources and incur costs for a proceeding in which it did not agree to participate. The balance of hardship still favors CIG. It will suffer irreparable harm if forced to arbitrate. The only harm for the Bircolls is they will have to pursue claims on the CIG CAM, LP and PlenaStrategy Fund, LP investments in federal court under the securities laws. The public interest still favors injunctive relief. Public policy does not favor forcing parties who have not agreed to arbitrate to submit to arbitration against their will. Doing so would undermine the public's confidence in arbitration as a useful form of alternative dispute resolution, and discourage arbitration. *Morgan Keegan & Co., Inc. v. Louise Silverman Trust*, CIV. JFM-11-2533, 2012 WL 113400 (D. Md. Jan. 12, 2012). No facts have changed since this Court's Order Granting Preliminary Injunctive Relief, CIG can establish success on the merits, and the other factors for injunctive relief still weigh in CIG's. Thus, the Court will permanently enjoin the Bircolls from pursuing claims related to the CIG CAM, LP and PlenaStrategy Fund, LP in FINRA arbitration.

**IV.     Conclusion**

For the forgoing reasons, the Court will GRANT CIG's Motions for Summary Judgment and Motion for permanent Injunctive Relief.

SO ORDERED.

Dated:  August 15, 2014

S/Gershwin A. Drain
GERSHWIN A. DRAIN
UNITED STATES DISTRICT JUDGE
